**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES WILKINSON, | No. 18-55509 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:16-cv-01976-AG-DFM |
| MARK MAGRANN; THERESA PINES, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted October 15, 2019
San Diego, California

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

James Wilkinson appeals from the district court's summary judgment in

favor of defendants California Highway Patrol ("CHP") Officer Mark Magrann

and CHP Investigator Theresa Pines based on qualified immunity in his 42 U.S.C.

§ 1983 action. We review de novo both a district court's grant of summary

judgment and a defendant officer's entitlement to qualified immunity. *S.B. v. Cty.*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017).  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1.　At the time that defendants investigated Wilkinson and obtained a search warrant, it was not clearly established for purposes of qualified immunity that it violated Wilkinson's double jeopardy rights to prosecute him for perjury for allegedly testifying falsely in traffic court.  *See id*.  Based on then existing precedent, defendants were not "plainly incompetent" to believe that Wilkinson's acquittal of the speeding charge did not necessarily decide that Wilkinson was telling the truth when he denied being the driver of the speeding car.  *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (citation omitted); *see also United States v. Castillo-Basa*, 483 F.3d 890, 905 (9th Cir. 2007) (noting that under the Double Jeopardy Clause there is no "per se bar against perjury prosecutions involving defendants who testify and are acquitted at trial" and that "[w]hen an acquitting jury has not necessarily or actually decided the question of a defendant's veracity, or a material issue sufficiently similar to one the prosecution must establish in the prospective second proceeding, collateral estoppel does not bar a subsequent trial for perjury").  In other words, at that time, the "contours" of Wilkinson's double jeopardy rights were not "sufficiently clear" that "every reasonable official" would have understood that prosecuting Wilkinson for perjury violated those rights.

*Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation and internal quotation marks omitted).

2.  Moreover, even if the law was clearly established, defendants acted reasonably by consulting a prosecutor, who reviewed the search application and approved it, and by making a full disclosure to the magistrate who issued the warrant. *See Messerschmidt v. Millender*, 565 U.S. 535, 553-54 (2012) (holding that the officers reasonably believed that the scope of a warrant, which was approved by a prosecutor and issued by a neutral magistrate, was supported by probable cause). Any further claimed damages arose from the prosecutor's "independent decision[s]," not from any actions by defendants. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1137 (9th Cir. 2009) (stating that "[a] prosecutor's independent judgment may break the chain of causation between the unconstitutional actions of other officials and the harm suffered by a constitutional tort plaintiff" (quoting *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008))).

**AFFIRMED**.

3

*James Wilkinson v. Mark Magrann, et al.*, 18-55509

HURWITZ, Circuit Judge, concurring in part and concurring in the judgment:

I concur in paragraph 2 of the memorandum disposition. For that reason, I see no reason to reach the issue addressed in paragraph 1.